SAMUEL HALL, appellant,

v.

JAMES NASH, respondent.

[Filed June 19th, 1899.]

1. A judgment creditor who has delivered his writ of execution to the sheriff may maintain a bill in chancery to set aside a fraudulent sale of personal property made by the defendant.

2. By force of *Gen. Stat. p. 1418 § 18* a writ of execution from the time of its delivery to the sheriff binds the goods of the defendant as against himself and his assigns.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *Nash* v. *Hall, 39 Atl. Rep. 374.*

*Mr. John W. Beekman,* for the appellant.

*Mr. Otto Crouse,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

The decree of the court of chancery is affirmed, for the reasons given in that court.

A question has been discussed in the briefs of counsel upon the argument of this appeal that does not seem to have been raised in the court below, viz., whether the complainant had a lien upon the personal property of the defendant at the time he filed his bill to set aside the bill of sale.

The pertinent facts are that an execution against the defendant had been delivered to the sheriff, who had returned it "*nulla bona.*" By force of this proceeding, the writ, from the time of its delivery to the sheriff, bound the goods of the defendant as against himself and his assigns. *Gen. Stat. p. 1418 § 18.*

Hall v. Nash.

In what other respects, if any, it has the force and effect of a levy, need not now be decided. The effect of the legislation in question is to give to a judgment creditor who has delivered his writ to the sheriff a special interest in the goods of his debtor different to that of other judgment creditors.

The statute under consideration was passed February 18th, 1799 (*Pat. L. p. 369*), and was substantially a copy of *29 Chas. II. c. 3, 16*; which act, we are informed by the English judges, was passed to remedy the mischief that arose from the common-law rule that the writ, whenever executed, should relate to its own *teste*.

The legislation that we have thus adopted has been construed by the courts of England to make a *fieri facias* from the date of its delivery for execution binding upon the goods of the defendant as to himself and all who claim under him, and this is as far as we need to go in the decision of the point that has been raised.

This is the conclusion that was reached in our supreme court in *Evans* v. *Walsh, 12 Vr. 281*, in which Mr. Justice Van Syckel discusses the cases with such fullness as to render further citation unnecessary.

In *Glorieux* v. *Schwartz, 8 Dick. Ch. Rep. 231*, the syllabus is misleading. The opinion of Vice-Chancellor Bird, which was adopted by this court, did not decide that a levy was necessary, but only that none had been proved.

I shall vote to affirm the decree.

*For affirmance*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, NIXON, VREDENBURGH—13.

*For reversal*—None.